UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, Petitioner, v. ~~U.S., South Carolina, Chuck Wright~~, ~~Christopher Rojas, Matthew Smith~~, Warden Evans Correctional Institution, Respondent, | ) | C/A No. 8:26-cv-03071-RMG-WSB **REPORT AND RECOMMENDATION** |

Craig Ninja Antonio Brewton ("Petitioner"), proceeding *pro se*, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently confined at Evans Correctional Institution. ECF No. 1 at 1. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

### Allegations from the Petition

Petitioner commenced this action by filing a Petition for writ of habeas corpus on the standard form seeking relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner alleges that, on March 27, 2026, Plaintiff was convicted in the Spartanburg County Court of General Sessions at

case number 22090924[1] for the crimes of trafficking cocaine, possession with intent to distribute marijuana, possession of a weapon during a violent crime, and resisting arrest. *Id.* at 1. Plaintiff was sentenced to a term of imprisonment of 25 years. *Id.* Petitioner alleges filing an appeal with the South Carolina Court of Appeals at case number 2026-000808, which is currently "pending." *Id*. at 2.

Petitioner asserts the following grounds in this federal habeas action:

> **GROUND ONE**: There was no probable cause because charges were dismissed on December 1, 2022, "at the preliminary hearing with having different addresses [and] arresting officers on the warrants."
>
> *Supporting Facts*: The public index shows that arrest warrants 2022A4210205657 and 2022A4210205658 were dismissed on December 1, 2022, by Judge Bagwell because there were misspelled names on the warrants and bond revocation motion.
>
> **GROUND TWO**: Petitioner's rights were violated during an illegal search and seizure before criminal charges were found and excessive force used while officers were looking for another suspect
>
> *Supporting Facts*: Petitioner has a dislocated shoulder that required surgery and a spinous process fracture. A search warrant was issued after Petitioner's arrest and injuries without the suspect sought ever being on the scene. The wrong person was arrested without an arrest warrant.

---

[1] The undersigned could not find the referenced case number, but it appears that Plaintiff refers to case numbers 2023GS4201851, 2022A4210101970, 2022A4210101971, and 2022A4210205673. *See* Spartanburg County Seventh Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter Plaintiff's first and last name) (last visited Sept. 22, 2026).

**GROUND THREE**: Chuck Wright's conviction in federal court and "his evidence" being destroyed means that the evidence in Petitioner's case should have been suppressed.

*Supporting Facts*: The deputies in Chuck Wright's staff should be held accountable because they were not wearing body worn cameras during the illegal search and seizure violating S.C. Code § 23-1-240 and policy and procedures. There was also prosecutorial misconduct that prejudiced Petitioner's substantive rights.

**GROUND FOUR**: Judge Keith R. Kelly denied Petitioner a right to a fair trial, and Petitioner's counsel was ineffective without a suppression hearing on the illegal search and seizure.

*Supporting Facts*: Judge Kelly was biased because Plaintiff could not present testimony from two witnesses in front of the jury. The judge also improperly denied Petitioner's motion to suppress evidence regarding the resisting arrest because Petitioner was not under arrest for a crime before Petitioner ran.

*Id.* at 5–10. As to the timeliness of the Petition, Petitioner asserts as follows:

> I have only been arrested since March 27, 2026 and to challenge this conviction I did not resist arrest because I was not arrested or under arrest before I ran from the police and the illegal search and seizure. I did not have any weapons or drugs on [sic] my possession nor did I break the law.

*Id.* at 13. For relief, Petitioner seeks money damages "and release as soon as possible because of torture and denial of medical being that I have an infection in my mouth I can die from without surgery." *Id.* at 15.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to 28 U.S.C. § 1915,

the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the

pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

This action is subject to summary dismissal because Petitioner has failed to exhaust the Petitioner's state court remedies. To the extent the Petition can be construed as a Complaint under 42 U.S.C § 1983, it is also subject to summary dismissal.

**Review of Habeas Petitions**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of custody in federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1); *Straws v. Padula*, No. 4:09-cv-009-HFF-TER, 2009 WL 691190, at *2 (D.S.C. Mar. 16, 2009). "The exhaustion requirement is 'grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Washington v. Cartledge*, No. 4:08-cv-4052-PMD, 2010 WL 1257356, at *1 (D.S.C. Mar. 29, 2010) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). As the United States Fourth Circuit Court of Appeals has explained, "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." *Matthews v. Evatt*, 105 F.3d 907, 910–11

(4th Cir. 1997) (instructing that, "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.") (citations omitted).

A state prisoner seeking habeas relief ordinarily "must exhaust his remedies in state court" and must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *see* 28 U.S.C. § 2254(b) (explaining the exhaustion requirement). To exhaust state court remedies in South Carolina from a criminal conviction or sentence, a defendant may file a direct appeal. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file a PCR application in a court of common pleas. *See* S.C. Code § 17-27-10, *et seq*. (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner *must* seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

The Petition is subject to summary dismissal because Petitioner has failed to exhaust the state court remedies. The Court will provide a brief summary of Petitioner's relevant state court proceedings.[2]

On March 25, 2026, Petitioner was convicted of the following charges: resisting law enforcement officer; possessing a weapon during violent crime; trafficking 200 grams or more, but less than 400 grams, of cocaine; and possession with intent to distribute marijuana. *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (search by petitioner's name and case numbers 2023GS4201851, 2022A4210101970, 2022A4210101971, & 2022A4210205673) (last visited Sept. 22, 2026); *State v. Brewton*, No. 2026-000808 (S.C. Ct. App. Mar. 31, 2026), available at https://ctrack.sccourts.org/public/caseSearch.do (search by case number "2026-000808") (last visited Sept. 22, 2026). Petitioner was sentenced to a term of imprisonment of 25 years for the trafficking charge and lesser sentences on the charges with all time to run concurrent. *Id.* Petitioner then filed a notice of appeal on March 31, 2026, in the South Carolina Court of Appeals at case number 2026-000808, and this appeal remains pending. *Id.*

Because Petitioner's appeal remains pending in the state court, Petitioner cannot demonstrate exhaustion of state remedies as required by the federal habeas statute. *Mitchell v. Warden of Ridgeland Corr. Inst.*, C/A No. 9:21-cv-02121-CMC-MHC, 2022 WL 3146301, at *3 (D.S.C. May 13, 2022) ("[B]ecause [Petitioner's] PCR action remains pending, he has failed to

[2] The Court takes judicial notice of Petitioner's state court proceedings. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

exhaust his state court remedies as required by 28 U.S.C. § 2254."), *R&R adopted by* 2022 WL 2712542 (D.S.C. July 13, 2022), *appeal dismissed*, No. 22-6859, 2022 WL 10416514 (4th Cir. Oct. 18, 2022), *cert. denied*, 143 S. Ct. 803 (2023). As such, this Court should not keep this case on its docket while Petitioner finishes exhausting state remedies. *See Young v. Warden of Evans Corr. Inst.*, C/A No. 6:16-cv-2849-TMC, 2017 WL 4129459, at *5 (D.S.C. Sept. 19, 2017) (concluding "Petitioner's failure to exhaust state court remedies warrants dismissal of this habeas petition without prejudice").

Petitioner's attempt to have this Court intervene at this time before exhausting the state court remedies is without merit. To the extent Petitioner argues that the process is ineffective to protect Petitioner's rights so that exhaustion should be excused under § 2254(b)(1)(B), this argument is without merit. *See Hicks v. Frame*, 145 F.4th 408, 420 (4th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 498 (Apr. 20, 2026) (finding that past delay alone is insufficient to excuse exhaustion and a petitioner must show that the state process is "presently ineffective"). Petitioner has not shown that the state process is presently ineffective. For these reasons, the instant Petition is subject to summary dismissal without prejudice.

**Claims Seeking Relief Under § 1983**

Liberally construed, the Petition may be asserting § 1983 claims for (1) malicious prosecution, false arrest, and false imprisonment; (2) excessive force; and (3) deliberate medical indifference. Even if the Court were to construe the Petition as a Complaint seeking relief under § 1983, the action is subject to dismissal because the Complaint fails to state a claim for relief.[3]

[3] The undersigned will now refer to Petitioner as "Plaintiff."

***No Personal Allegations***

Most of Plaintiff's allegations are made broadly without any attribution to a particular person. Plaintiff identifies Christopher Rojas ("Rojas"), Dep. Clark ("Clark"), Matthew C. Smith ("Smith"), and Chuck Wright ("Wright"), but the only personal allegations against them are that "Christopher Rojas destroy[ed] evidence being a deputy hired by the Sheriff Chuck Wright involved in office misconduct Obstruction of Justice" and Rojas and Clark "were not wearing BWC during the illegal search and seizure ...."[4] ECF No. 1 at 2, 8. Although Plaintiff's allegations must be liberally construed, Plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement"). Indeed, these general, conclusory, and collective allegations fail to allege a plausible claim. *See Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023) (recognizing that the plaintiff's complaint failed to meet the plausibility standard when it did not set forth who the defendants were beyond being employees where he was incarcerated or in what capacity the defendants interacted with the plaintiff). Further, as recently recognized by the United States Court of Appeals for the Fourth Circuit, "[l]umping defendants together won't do" and a plaintiff who makes collective allegations against defendants "without specifying how each individual

---

[4] To the extent Plaintiff asserts a § 1983 claim because Rojas and Clark did not wear body-worn cameras, this claim fails. The United States Court of Appeals for the Fourth Circuit stated that "it is no more 'the province of the Fourth Amendment' to enforce local department policies than it is to enforce state law ... and [the defendant] wisely concedes that neither the lack of bodycam footage nor the underlying policy violations themselves violate the Fourth Amendment." *United States v. Joseph*, 138 F.4th 797, 801 (4th Cir. 2025) (quoting *Virginia v. Moore*, 553 U.S. 164, 178 (2008)); *see also United States v. Spencer*, No. 3:23-cr-150-MOC, 2024 WL 1184714, at *2 (W.D.N.C. Mar. 19, 2024) ("[E]ven if a policy violation occurred, mere failure to activate body cameras in violation of department policy does not itself establish the bad faith that is essential to a due process violation.").

interacted with [or] bore responsibility for the alleged constitutional deprivation—has not stated a plausible claim against any defendant." *Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026). As such, Plaintiff's claims against Rojas, Clark, Smith, Wright, any other arresting officers, prosecutors, or SCDC personnel fail to satisfy the pleading standard.

***Judicial Immunity***

To the extent Plaintiff pleads any claims against Judge Keith R. Kelly ("Judge Kelly") (a South Carolina Circuit Court Judge), Judge Bagwell (a South Carolina Magistrate Court Judge), or Judge Mark Hayes, II, ("Judge Hayes") (a South Carolina Circuit Court Judge), such claims are subject to dismissal because of judicial immunity. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in their judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of their authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted).

Here, Plaintiff alleges that Judge Kelly showed bias and prejudice by not allowing Plaintiff to present two witnesses at trial and denying Plaintiff's motion to suppress. ECF No. 1 at 10. Plaintiff also references an alleged "illegal bond hearing" before Judge Bagwell and that Judge Hayes told two of Plaintiff's lawyers not to represent Plaintiff at trial. *Id.* at 5. All of Plaintiff's

allegations involve the judicial actions of Judge Kelly, Judge Bagwell, and Judge Hayes in Plaintiff's criminal cases. Therefore, judicial immunity squarely applies, and any claims against Judge Kelly, Judge Bagwell, or Judge Hayes are subject to dismissal.

***Unlawful Arrest and False Imprisonment***

Plaintiff appears to claim that Plaintiff was wrongfully arrested and is being falsely imprisoned. Plaintiff's allegations are construed as asserting violations of the Fourth Amendment for an unlawful search and seizure resulting in the arrest. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). Under § 1983, a public official cannot be charged with false arrest when a defendant is arrested pursuant to a facially valid warrant. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (finding no Fourth Amendment violation when an arrest is based on probable cause); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–83 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Furthermore, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal citation and quotation marks omitted).

To state a malicious prosecution claim, Plaintiff must allege that Plaintiff was (1) seized pursuant to legal process not supported by probable cause and (2) that the criminal proceedings terminated in Plaintiff's favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge). As to the favorable termination element, the United States Supreme Court explained that

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Here, it is unclear what claims Plaintiff asserts under the Fourth Amendment's "Unreasonable Search and Seizure Clause." ECF No. 1 at 7, 8, 10, 13. Presumably in support of such claim(s), Plaintiff contends that Plaintiff was arrested without an arrest warrant. ECF No. 1 at 7. Regardless of whether Plaintiff alleges a malicious prosecution, false arrest, or false imprisonment claim, such claims are subject to summary dismissal. Plaintiff cannot meet the elements of these claims because a jury convicted Plaintiff on all four charges and Plaintiff has not alleged a favorable termination on the charges. *See Thompson v. Clark*, 596 U.S. 36, 39, 44 (2022) (noting that a Fourth Amendment claim requires showing a "favorable termination of the underlying criminal prosecution"); *see also* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (search by Plaintiff's name and case numbers 2023GS4201851, 2022A4210101970, 2022A4210101971, & 2022A4210205673) (last visited Sept. 22, 2026). Plaintiff's assertions are insufficient to state

claims for malicious prosecution, false arrest, or false imprisonment and are subject to summary dismissal for failure to state a claim.

***Excessive Force***

Plaintiff alleges that Plaintiff was injured "with excessive force" and suffered from a dislocated shoulder and spinous process fracture of the neck. ECF No. 1 at 7. Plaintiff's allegations are insufficient to state a claim for relief. A complaint fails to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Though a complaint need not be detailed, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Courts have repeatedly dismissed "excessive-force claims based on factual allegations too sparse to allow the inference that the defendant acted unreasonably." *Franklin v. Agnor*, C/A No. 7:24-cv-00204, 2025 WL 262354, at *3 (W.D. Va. Jan. 22, 2025) (collecting cases). Plaintiff has not offered sufficient factual detail surrounding the use of force such that the Court can reasonably infer that the force was unreasonable. Accordingly, Plaintiff's excessive force claim is subject to summary dismissal.

***Deliberate Medical Indifference***

To the extent Plaintiff asserts deliberate medical indifference to a serious medical need because of Plaintiff's dislocated shoulder, spinous process fracture of the neck, or mouth infection, such claim also fails. To state a cause of action under § 1983 for an Eighth Amendment

deprivation, Plaintiff must allege facts showing a defendant was deliberately indifferent to a serious medical need, constituting unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Summary dismissal is appropriate, however, when no viable claim has been stated even though the complaint contains a cogent description of the underlying facts. *Id.* at 106–08. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *Id.* at 106. Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer*, 511 U.S. at 835.

Here, Plaintiff's cursory allegations are insufficient to establish a deliberate indifference claim. Plaintiff has not identified any individual responsible for Plaintiff's medical care. *See* ECF No. 35-2 at 3; *see also Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' ... no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020). Further, Plaintiff alleges receiving medical treatment for the dislocated shoulder and neck fracture. ECF No. 1 at 7. Although Plaintiff might believe Plaintiff should have received additional or different treatment, a disagreement as to the proper treatment for an injury does not in and of itself state a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim."). For these reasons, Plaintiff has failed to establish a claim for deliberate indifference to a serious medical need.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that the district court **DENY** the Petition for relief under 28 U.S.C. § 2254 for failure to exhaust or the Complaint under 42 U.S.C. § 1983 for failure to state a claim for relief, and **DISMISS** the action without prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

s/William S. Brown
United States Magistrate Judge

September 23, 2026
Greenville, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).