**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

Craig Ninja Antonio Brewton,

Plaintiff,

v.

Warden Evans Correctional Institution,

Defendant.

Case No. 8:26-cv-03071-RMG

**ORDER AND OPINION**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Petitioner's habeas petition brought pursuant to 28 U.S.C. § 2254 be summarily dismissed because Petitioner failed to exhaust his state court remedies before seeking habeas relief. (Dkt. No. 15). The Magistrate Judge also recommended that to the extent the Petition may be asserting 42 U.S.C § 1983 claims it should be dismissed for failing to state a claim for relief. (*Id.*). Petitioner was given notice that he had 14 days from the date of the R&R to file any objections, which, with three additional days for mailing, required the filing of objections on or before October 7, 2026. (*Id.*). On October 19, 2026, the Court received Plaintiff's Objections by mail dated October 7, 2026. (Dkt. No. 19). For the reasons set forth below, the Court adopts the R&R and dismisses Petitioner's habeas petition.

## I. Background

Petitioner is an inmate in the South Carolina Department of Corrections. (Dkt. No. 1). In March 2026, he was convicted of trafficking cocaine, possession with intent to distribute marijuana, possession of a weapon during a violent crime, and resisting arrest. (*Id.*). Petitioner was sentenced to a term of imprisonment of 25 years. (*Id.*). On March 31, 2026, Petitioner appealed his convictions to the South Carolina Court of Appeals, which remains pending in state court. *See*

South Carolina Appellate Case Management System, available at https://ctrack.sccourts.org (search Appellate Case No. 2026-000808).[1]

Petitioner commenced this action by filing a Petition for writ of habeas corpus on the standard form seeking relief pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Liberally construed, the Petition asserts 42 U.S.C § 1983 claims for (1) malicious prosecution, false arrest, and false imprisonment; (2) excessive force; and (3) deliberate medical indifference. (*Id.*). For relief, Petitioner seeks money damages "and release as soon as possible because of torture and denial of medical being that I have an infection in my mouth I can die from without surgery." (*Id.*).

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

[1] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459 PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Discussion**

The Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly concluded Petitioner's habeas petitioner should be dismissed. After reviewing Petitioner's Objections, this Court finds that the Objections fail "to direct the Court to a specific error" in the R&R. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that district courts need not conduct *de novo* review where objections are general or conclusory). He has failed to come forward to identify perceived specific errors in the R&R, and makes only conclusory objections and additional claims. Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Accordingly, the Court concludes that Plaintiff's Objections to the R&R are not specific and are without merit.

Yet, even if Petitioner's blanket and conclusory contentions are construed as specific objections, they fail to indicate any errors in the Report. The Court finds that the Magistrate Judge

ably summarized the factual and legal issues in this matter and correctly concluded that Petitioner's habeas petition should be summarily dismissed because his state court appeal is still pending, and thus, he has failed to fully exhaust his state court remedies before seeking habeas relief. Likewise, the Magistrate Judge correctly concluded that the Petition fails to state a claim for relief under 42 U.S.C § 1983.

## IV. Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## V. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 15) as the Order of the Court and **DISMISSES** Petitioner's habeas petition without prejudice, without leave to amend, and without issuance and service of process. Additionally, Petitioner's Motion for Evidentiary Hearing (Dkt. No. 20) is **DENIED**.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

October 19, 2026
Charleston, South Carolina